946 F.2d 1566
 292 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ricky READY, Appellant,
v.
Gary HENMAN, Warden.
 No. 90-7061.
 United States Court of Appeals, District of Columbia Circuit.
 May 10, 1991.
 
 Before SILBERMAN, BUCKLEY and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the response to the court's order to show cause filed February 11, 1991, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the district court's orders filed August 7, 1989 and April 2, 1990 be summarily affirmed. To the extent that appellant challenges the correction of his sentence, his petition is properly construed as a motion to vacate sentence under 28 U.S.C. § 2255. Section 2255 requires that the movant be "in custody" under the challenged sentence in order to obtain relief. Because appellant asserts that his original sentence had expired when the district court imposed the corrected sentence and because the correction did not extend the length of the sentence, it appears from appellant's submissions that he is not in custody under the challenged sentence. Therefore, appellant is not entitled to relief under section 2255, and any error in the district court's denial of his motion to refer the petition to the sentencing judge is harmless.
 
 
 4
 In the alternative, to the extent that appellant asserts that through unspecified misuse of the parole laws his district court sentence has been stayed and has not in fact expired, the petition is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Such petitions must be filed in the district in which the petitioner is incarcerated rather than in the district in which he was sentenced. Because appellant was incarcerated in Illinois at the time of filing this action, the petition was improperly filed in this circuit, and appellant's claim that the petition should have been referred to the sentencing court is without merit. Transfer of the petition to the district in which appellant was incarcerated at the time of filing would not be in the interests of justice because the nature of appellant's challenge is unclear.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.